IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID L. DANIELS                                                    PLAINTIFF

       v.                    Civil No. 06-5119

JOHN R. VANWINKLE,
Attorney; IAN J. GILBERT,
Attorney; and CHRISTIE
P. DAVILA, Legal Assistant                                 DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's complaint was filed on June 29, 2006. He proceeds pro se and in forma pauperis. Before the undersigned is the issue of whether the complaint should be served.

## **BACKGROUND**

Daniels is currently incarcerated in the Benton County Detention Center (BCDC). He indicates he retained Ian Gilbert to represent him in connection with pending criminal charges. Daniels alleges Gilbert charged him $1,300 and then failed to show up for arraignment and otherwise did not represent Daniels in a manner he believed to be satisfactory.

Additionally, Daniels alleges Christie Davila, a legal assistant for Gilbert, made a prejudicial comment about his case. Daniels maintains the comment defamed his character.

Because Daniels was unhappy with the representation he was receiving, he wrote John R. VanWinkle and informed him about the situation. Daniels asked for a refund of the fees he had paid.

## DISCUSSION

Daniels' claims are subject to dismissal. Ian Gilbert and John VanWinkle are not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). An attorney does not act under color of state law while representing a client. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Christie Davila is also a private individual who did not act under color of state law. *Suarez v. Wimes*, 996 F.2d 966 (8th Cir. 1993)(Claim alleges only actions by a private citizen who was not acting under color of state law). Moreover, "defamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

AO72A
(Rev. 8/82)

## **CONCLUSION**

I therefore recommend dismissal of the case on the grounds the claims are frivolous or are not cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Daniels has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Daniels is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of July 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)