```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DAVID L. DANIELS**                                              PLAINTIFF

       v.            Civil No. 06-5119

**JOHN R. VANWINKLE, Attorney;**
**IAN J. GILBERT, Attorney; and**
**CHRISTIE P. DAVILA, Legal Assistant**                           DEFENDANTS


### O R D E R

    Now on this 27th day of July, 2006, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #4), and plaintiff's **Objections** thereto (document #6), and the Court, having carefully reviewed both documents, finds that the Report And Recommendation is sound in all respects, and that it should be adopted *in toto*, and the objections thereto should be overruled.

    1.  Using a form designed for use by prisoners in filing a complaint under **42 U.S.C. §1983**, plaintiff filed his complaint herein against two private attorneys (John Van Winkle and Ian J. Gilbert) who apparently practice law together, and a member of their staff (Christie P. Davila).  The thrust of his complaint is that the attorneys did not properly represent him in a pending state criminal case and that the staff member made inappropriate comments about him.  He seeks ". . .to be rewarded for every day [he] had to sit in jail"; ". . . to be rewarded for pain & suffering [he] went through"; and ". . . to be rewarded for

defamation of [his] character."

2. In the Report And Recommendation, the Magistrate Judge correctly notes that the named defendants are private individuals who are not subject to being sued under **42 U.S.C. §1983**, since there is no suggestion that they were acting under color of state law in connection with the matters complained of by plaintiff.

3. Plaintiff objected to the Report And Recommendation, insisting that he is entitled to relief against the defendants because of things they either did, or did not do.

While the Court can understand plaintiff's frustration because of his belief that the attorneys did not handle his case properly, it cannot permit his complaint to proceed. His objections do not overcome the legal problem with his claim.

That problem is, simply, that since the defendants did not act under color of state law, they are not subject to suit under **42 U.S.C.** §**1983** - which is how the case is presented. The objections are, therefore, overruled.

4. In his objection, plaintiff states: ". . . if you can put what I've just wrote in this motion in a statute, 'so be it'. I really do not know or understand what your court wants me to do . . ."

The foregoing statement indicates a belief on plaintiff's part that a United States District Court can and ought to address and decide every dispute that might arise in the jail or anywhere

else within its jurisdiction. That simply is not the case. United States District Courts are courts of limited jurisdiction, and may only address and decide cases and controversies which are properly before them. When it is clear - as it is here - that a complaint filed before it does not state a cause upon which the Court can act, the Court is obliged to dismiss that case.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that plaintiff's **Objections** to the Report And Recommendation are **overruled**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, plaintiff's claim is hereby **dismissed**.

**IT IS SO ORDERED.**

   /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**